Mr. Barry Lee Emigh 1104 7th Street Hot Springs, AR 71913-4225
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment:
 Popular Name AN AMENDMENT REPEALING SECTIONS 24, 25 AND 26 OF THE ARKANSAS CONSTITUTION[1]
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION REPEALING SECTIONS 24, 25 AND 26 OF THE ARKANSAS CONSTITUTION; THE PROVISIONS OF THIS AMENDMENT SHALL TAKE EFFECT IMMEDIATELY UPON PASSAGE OF THIS AMENDMENT; MAKING THE AMENDMENT SEVERABLE AND REPEALING ALL LAWS AND CONSTITUTIONAL AMENDMENTS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to pass on the sufficiency of the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. This process is in aid of Amendment 7 to the Arkansas Constitution, which reserves to the people the power to enact state laws and to propose statewide constitutional amendments. See Ark. Const. amend. 7 ("State Wide Petitions") and U.S. Term Limits, Inc. v.Hill, 316 Ark. 251, 872 S.W.2d 349 (1994). The law provides that the Attorney General may approve and certify or substitute and certify a more suitable and correct popular name and ballot title; or he may reject the entire ballot title, popular name, and petition if he determines that the ballot title or the nature of the issue is presented in such a manner that the ballot title would be misleading. A.C.A. § 7-9-107(c).
Having reviewed your proposed constitutional amendment, ballot title, and popular name pursuant to this authority, it is my determination that your submission, which purports to repeal the freedom of religion clauses in the Arkansas Constitution, must be rejected because it is beyond the initiative power under Amendment 7 to the Arkansas Constitution, and because your proposal would violate the United States Constitution.
As recognized by the Arkansas Supreme Court, Amendment 7 cannot empower the people of the State of Arkansas to initiate any measure that falls outside the powers reserved to the states and their citizens by the United States Constitution. Donovan v. Priest, 326 Ark. 353,931 S.W.2d 119 (1996). The court in Donovan explained this principle as follows:
 `[t]he voters of this state essentially have, within constitutional limits, a right to change any law or any provision of our Constitution they deem appropriate through Amendment 7 to the Constitution.' Dust v. Riviere, 277 Ark. 1, 4, 638 S.W.2d 663, 665 (1982) (emphasis added). Clearly those constitutional limitations derive from both the United States Constitution and this state's constitution. On the federal level, the rights reserved to the states and to the people of the states originate from the Tenth Amendment to the United States Constitution, which provides that `[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.' Thus, our Amendment 7 cannot empower the people of this state to initiate any measure, law, or amendment which falls outside the powers reserved to the states and their citizens by the United States Constitution.
326 Ark. at 357-58 (emphasis added).
Applying this principle, I must conclude your proposed measure is not authorized by Amendment 7. Section Two (2) of your measure proposes to add the following provisions to our constitution:
 1. Those laws not specifically granted to the federal government under the Constitution of the United States shall be retained by the states.
 2. The First Amendment of the Constitution of the United States provides `Congress shall make no law respecting the establishment of religion nor against the free exercise thereof.' The First Amendment applies only to the Congress of the United States and not to the state legislatures or law making bodies of the states.
 3. Be it intentional or not the First Amendment of the Constitution of the United States does not state, `Congress (and the states) shall make no law respecting the establishment of a religion nor against the free exercise thereof,' and therefore restricts the federal government from intruding upon the state legislatures rights respecting the establishment of a religion, and the exercise thereof, which the state legislature may deem morally and essentially good if such laws and practices are not specifically stated or restricted within that state's constitution.
These provisions of your proposed amendment go beyond the initiative power under Amendment 7 because they address matters specifically prohibited to the States by the United States Constitution as interpreted by the U.S. Supreme Court. As stated in Donovan, supra, "the rights reserved to the states and to the people of the states originate from theTenth Amendment to the United States Constitution." The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X (emphasis added). Section Two (2), subsection 1, of your measure addresses matters prohibited to the States in the Tenth Amendment, and for this reason alone the measure falls outside Ark. Const. amend. 7.
Not only would your measure contravene the Tenth Amendment to the U.S. Constitution, but it would also violate the First Amendment. Contrary to the statement in your proposal, the provisions of the First Amendment as interpreted by the U.S. Supreme Court are applicable to the states as well as the federal government. See Everson v. Board of Education,330 U.S. 1 (1947); Torcaso v. Watkins, 367 U.S. 488 (1961). As observed by the court in Torcaso:
 The First Amendment declares that congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. The Fourteenth Amendment has rendered the legislatures of the states as incompetent as congress to enact such laws.
367 U.S. at 491, citing Cantwell v. Connecticut, 310 U.S. 296, 303
(1940).
In my opinion, your proposed amendment falls squarely under the ban of the First Amendment (made applicable to the states by the Fourteenth). A review of your measure as a whole reveals an intent to repeal the religion clauses of the Arkansas Constitution, Ark. Const. art. 2, §§ 24,25 and 26 (see n. 1, supra), and thereby apparently to authorize the Arkansas General Assembly to enact laws respecting the establishment of religion and the exercise thereof. By so doing, your measure purports to approve the violation of the U.S. Constitution, which it cannot do. Seegenerally Everson, supra.
In conclusion, therefore, it is my opinion that your proposed amendment is not authorized by Amendment 7 to the Arkansas Constitution because it falls outside the powers reserved to the people by the U.S. Constitution. Accordingly, I must respectfully decline to certify a popular name and ballot title for this measure.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] It is clear from the text of your proposed amendment that you intend to refer to Sections 24, 25, and 26 of Article 2 of the ArkansasConstitution. Ark. Const. of 1874, art. 2, §§ 24, 25, 26.